IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>RENTZEL PUMP MANUFACTURING, LP<br><br>Debtor. | Case No. 22-10541-SAH<br>(Chapter 11) |

### EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND PROVIDING POST-PETITION LIENS WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING

Rentzel Pump Manufacturing, LP, Debtor and Debtor in Possession, by and through its proposed general reorganization counsel, Gary D. Hammond, of the law firm of Mitchell & Hammond, An Association Of Professional Entities, respectfully files this Emergency Motion For Order Authorizing Interim Use Of Cash Collateral And Providing Post-Petition Liens With Brief In Support And Notice Of Opportunity For Hearing (the "Motion") for entry of an interim order on an expedited basis (the "Interim Order"), and following a final hearing to be set by the Court (the "Final Hearing"), entry of a final order (the "Final Order"), pursuant to 11 U.S.C. §§ 105, 361, 362, and 363, and F. R. Bankr. P. 4001, authorizing Debtor to (a) use cash collateral, and (b) provide adequate protection to its pre-petition secured lenders ("Secured Creditors"). In support of this Motion, Debtor represents as follows:

### OVERVIEW

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362, and 363(b) of the Bankruptcy Code.

Debtor filed a Chapter 11 Petition (Docket Item 1) on March 25, 2022 ("Petition Date"). Pursuant to 11 U.S.C. §§ 1107 and 1108, since the Petition Date, Debtor has continued in

possession of its property and operation of its business as a Debtor in Possession. No motion for the appointment of a Chapter 11 Trustee has been filed.

## BRIEF IN SUPPORT

Pursuant to 11 U.S.C. § 363(c)(2), Debtor may use cash collateral if each entity that has an interest in such cash collateral consents or if the Court, after notice and a hearing, authorizes the use of the cash collateral. Pursuant to 11 U.S.C. § 363(c)(3), the Court must condition Debtor's use of cash collateral as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party. F. R. Bankr. P. 4001(b) and (d) govern the procedure for consideration of motions to use cash collateral, and both of these subsections provide for expedited consideration of such motions for cases in which immediate interim relief may be crucial to the success of a reorganization.

As of the Petition Date, Debtor does not have unencumbered cash sufficient to fund its business operations and pay present operating expenses. Specifically, Debtor lacks sufficient cash to operate Debtor's business. Therefore, Debtor has an urgent need for the immediate use of cash collateral pending a final hearing on the Motion. Debtor faces "immediate and irreparable harm to the estate" absent the emergency consideration of the relief requested in this Motion. Without authority to use cash collateral, Debtor will not be able to function as a going concern and will not be able to proceed to consideration of a plan of reorganization. Accordingly, authority to use cash collateral is necessary to avoid the shutdown of Debtor's business and will be in the best interest of Debtor, its estate and creditors.

Debtor is informed and believes and therefore alleges that Oklahoma State Bank ("OSB"), and the Internal Revenue Service ("IRS") (hereinafter collectively referred to as the "Secured Creditors") hold validly perfected and enforceable liens on and security interests in,

among other things, Debtor's accounts, inventory, equipment, machinery and general intangibles, and all proceeds thereof (hereinafter the "Collateral"), all as more particularly described and evidenced by those several security agreements (the "Security Agreements") executed by the Debtor on various dates and perfected by various financing statements filed with the Oklahoma Secretary of State on various dates, respectively, and the various liens filed by the IRS.

Debtor's obligations to the Secured Creditors constitute legal, valid and binding obligations of the Debtor, enforceable in accordance with the terms of the various loan documents applicable thereto, including, without limitation, the Security Agreements and the lien notices filed by the IRS.

Proceeds from the sale of inventory, collection of accounts and any other sums, cash or cash equivalents received from any source constitute cash collateral pursuant to 11 U.S.C. § 363(a), which comprise the Cash Collateral of the Secured Creditors. The Secured Creditors are entitled to adequate protection of their interests in the pre-petition collateral (including Cash Collateral) and Debtor may not use the Cash Collateral for any purpose without the Secured Creditors' consent or upon order of the Court, after appropriate notice and hearing, and authorizing such use based on finding that the secured party's position is adequately protected. Debtor wishes to provide adequate protection to the Secured Creditors to the extent of their respective claimed interests under 11 U.S.C. § 506 in the Cash Collateral heretofore and hereafter used.

Debtor proposes that in consideration for Debtor's use of the Cash Collateral as provided herein and pursuant to the budget attached as Exhibit "A" and as adequate protection for any

diminution in the value of the Secured Creditor's security interests, Debtor proposes the following:

    (a) Grant Secured Creditors a validly perfected first priority lien on and security interests in the Debtor's post-petition Collateral subject to existing valid, perfected and superior liens in the Collateral held by other creditors, if any, and the Carve-Out (as defined below). The rights, liens and interests granted to the Secured Creditors hereunder shall be based on the Secured Creditors' relative rights, liens and interests in the Debtor's Cash Collateral pre-petition. Upon entry of an Order granting this Motion, the post-petition security interests and liens proposed to be granted hereunder shall be valid, perfected and enforceable and shall be deemed effective and automatically perfected as of the Petition Date without the necessity of the Secured Creditors taking any further action. Secured Creditors may, however, at their respective option, file continuation statements, financing statements or such documents as they deem necessary to evidence their respective security interests in the Collateral. Upon request by the Secured Creditors, Debtor will execute and deliver any and all such documents, or financing statements, as are necessary to effect and perfect the Secured Creditors' security interests as set forth in this paragraph.

    (b) In the event of, and only in the case of Diminution of Value of the Secured Creditors' interests in the Collateral, grant a super-priority claim that shall have priority in the Debtor's bankruptcy case over all priority claims and unsecured claims against the Debtor and its estate, now existing or hereafter arising, of any kind or nature whatsoever including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to 11 U.S.C. §§ 105, 326, 328, 330 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c),726(b), and 1114 or otherwise. This super-priority claim shall be subject and subordinate only to the Carve-Out described below and

not to any other unsecured claim (having administrative priority or otherwise). The Carve-Out shall include any fees due to the U.S. Trustee pursuant to 28 U.S.C. § 1930 and fees and expenses incurred by the Debtor's professionals and approved by the Court in an amount not to exceed $20,000.00 (the "Carve-Out"). It is the intention of Debtor to expand upon the rights of the Secured Creditors and to "prime" all administrative expenses except for the Carve-Out described herein.

(C) On or before thirty (30) days after the Petition Date, Debtor shall provide to the Secured Creditors an initial aging of all accounts receivable and accounts payable and a list of all inventory, plus total current operating expenses and total current collections. This report shall be updated and provided to the Secured Creditors by the 30th day of each month thereafter (the "Reports").

(D) The Secured Creditors shall, at any time, be permitted to conduct a full inspection of the personal property and accounts of Debtor by visiting Debtor's premises to inspect, verify and photocopy all such records and to inspect, appraise and document the Collateral. Debtor proposes to grant the Secured Creditors, their agents and employees, a license to enter upon all such premises for such purposes during its regular, customary and ordinary business hours, subject to all security restriction imposed by various health, environmental and regulatory agencies. The Secured Creditors shall also have access, within five (5) business days of any request, to Debtor and its management, personnel and advisors.

(f) All Collateral shall be insured to its full value, and Debtor shall otherwise comply with the terms and conditions of the Secured Creditors. Evidence of insurance listing Secured Creditors as insured mortgagee/loss payee shall be provided upon request by the Secured Creditors.

(g) If at any time the Debtor fails to properly insure the Collateral, fails to pay any local, state or federal taxes as they become due, fails to pay fees required by the U.S. Trustee or fails to comply with any other term of the Motion ("Default"), the Secured Creditors shall give the Debtor and its attorney written notice that it has thirty (30) days to cure such default after the mailing or transmission of written notice of such default. If the default is not cured, the Secured Creditors may seek entry of an order granting them relief from the automatic stay. Upon such termination, the Secured Creditors shall be authorized to terminate the use of Cash Collateral and take such action against the Collateral as permitted under its respective loan documents, including, without limitation, the Security Agreements, and applicable state law.

(h) Any termination of the automatic stay under this Motion and any Order thereon shall apply to the above Chapter 11 case or any subsequent dismissal.

All rights of the Secured Creditors to seek additional adequate protection for Debtor's use of Cash Collateral, to file for relief from the automatic stay, to seek dismissal or to assert any other right or cause of action, or any other matter with respect to the Debtor, whether in this bankruptcy case, or otherwise, are expressly reserved. The failure or delay by any of the Secured Creditors to seek relief or otherwise exercise their rights and remedies under this Motion or any loan documents shall not constitute a waiver of any of the rights of the Secured Creditors.

This Motion, the Security Agreements, and any documents and instruments required of Debtor by this Motion are, or when executed and delivered, will be valid, binding and enforceable in accordance with their respective terms upon entry of an Order approving this Motion.

Immediately upon entry by the Court of an Order approving this Motion, the provisions of the Motion shall be valid and binding upon and inure to the benefit of the Secured Creditors,

all other creditors of the Debtor, and all other parties in interest. Pursuant to F. R. Bankr. P. 4001(d), a copy of this Motion shall be provided to any committee appointed in this case, or if no committee has been appointed to the twenty (20) largest unsecured creditors. If no objection is filed, the terms and conditions of this Motion may be approved without further order and shall be binding on all parties in interest on a final basis. Accordingly, Debtor respectfully requests the Court enter an order approving the Motion and for such other and further relief as may be just and equitable under the circumstances.

Pursuant to F. R. Bankr. P. 4001, Debtor requests the Court set a preliminary hearing on the use of Cash Collateral, and that at such preliminary hearing, the Court authorize the temporary use of Cash Collateral consistent with the attached budget, to avoid immediate and irreparable harm to the bankruptcy estate pending a final hearing. Pursuant to F. R. Bankr. P. 4001(b)(2) and (c)(2), Debtor also requests the Court set a date for a final hearing that is as soon as practicable and fix the time and date prior the final hearing for parties to object to the Motion.

WHEREFORE, PREMISES CONSIDERED, Rentzel Pump Manufacturing, LP requests the Court enter an order, in substantially the form attached as Exhibit "B", granting the relief requested in this Motion, and for such other relief as the Court deems equitable.

Respectfully Submitted,

/s/ Gary D. Hammond
Gary D. Hammond, OBA# 13825
MITCHELL & HAMMOND
An Association of Professional Entities
512 N.W. 12th Street
Oklahoma City, OK  73103
405.216.0007 - Telephone
405.232.6358 - Facsimile
gary@okatty.com - Email
**PROPOSED ATTORNEY FOR DEBTOR**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, a true and correct copy of this document was electronically served using the CM/ECF system:

Further, I certify that on March 28, 2022, a true and correct copy of this document was forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following at the addresses on Exhibit D.